**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0671n.06
Filed: September 6, 2006

No. 05-5105

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KENNETH E. MCFARLAND,

     *Plaintiff-Appellant*,

v.

DR. DEMITRIUS AUSTIN, M.D.; F.N.P.
CHAFEN; FARLEY, R.N.; PHYLLIS
CAMPBELL, L.P.N.; HAMPTON, L.P.N.;
GUILLY, R.N.; TRENT, L.P.N.; STREET,
L.P.N.; DR. FRED LITTON, M.D.; JERRY
HAYES, H.A.; MARTY EVANS, L.P.N.; DR.
SWANSON, D.D.S.; DR. DIBOLE,
Psychiatrist; MS. FURCHESS, Nurse,

     *Defendants-Appellees*.

On Appeal from the
United States District Court for
the Eastern District of Tennessee

_____/

Before: KENNEDY and DAUGHTREY, Circuit Judges; ADAMS, District Judge.[*]

**PER CURIAM.** Kenneth E. McFarland, a Tennessee prisoner proceeding pro se, appeals the dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983.

Seeking injunctive relief and $1,000,000 from each defendant, McFarland filed a complaint against numerous medical personnel at the Northeast Correctional Complex in Mountain City, Tennessee, alleging that the medical personnel conspiratorially refused to properly diagnose and treat his alleged ailments, including: hemoglobin C, patella tendinitis, dental/oral defects, and sciatica. McFarland also alleged that, although smoke exacerbated his hemoglobin illness, the guards

_____

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

continued to smoke around him and the medical personnel refused to issue him documentation which would allow him to be placed in a non-smoking housing unit. The district court dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). McFarland now appeals.

We review de novo a district court order dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). When determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996).

"Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir.), *cert. denied*, 513 U.S. 873 (1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law.'" *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976)).

McFarland challenges the medical personnel's failure to treat his various illnesses and further challenges the medical personnel's refusal to issue documentation which would allow him to move to a non-smoking unit. However, the record reflects that McFarland was housed in a non-smoking unit during the relevant time period. Moreover, as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment. *See Westlake*, 537 F.2d at 860 n. 5.

For the foregoing reasons, we **AFFIRM** the district court's judgment.